IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY L. IVY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-0855-G (BK) |
| | § | |
| PRIME THERAPEUTICS, et al., | § | |
| | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons set out below, it is recommended that the District Court dismiss the individual Defendants with prejudice.

**I. BACKGROUND**

Plaintiff filed this *pro se* employment discrimination action against his former employer, Prime Therapeutics, and Supervisors Wanda Blanchett and Krislenn Rossum, under Title VII and the Age Discrimination in Employment Act (ADEA). Contemporaneously with this recommendation, the Court granted Plaintiff's motion to proceed *in forma pauperis* and issued process on Defendant Prime Therapeutics.

**II. DISCUSSION**

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327.

Plaintiff cannot sue Supervisors Blanchett and Rossum in their individual capacities for employment discrimination. Only "employers," not persons acting in their individual capacity who do not otherwise meet the definition of "employers," can be liable under Title VII. *See Grant v. Lone Star Co.*, 21 F.3d 649, 652-53 (5th Cir. 1994) (Title VII imposes liability only on "employers"). The same applies to suits under the ADEA. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001) (quoting *Stults v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir. 1996) (ADEA "provides no basis for individual liability for supervisory employees"). Therefore, all claims for individual liability against Defendants Blanchett and Rossum lacks an arguable basis in law and they should be dismissed with prejudice as frivolous.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** with prejudice all claims against Defendants Wanda Blanchett and Krislenn Rossum in their individual capacities. See 28 U.S.C. § 1915(e)(2)(B).

SIGNED April 28, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                                  _____
                                                          RENÉE HARRIS TOLIVER
                                                          UNITED STATES MAGISTRATE JUDGE