IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRI L. IVY, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:11-CV-0855-G (BK) |
| | ) | |
| PRIME THERAPEUTICS, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b), this case has been referred to the undersigned for pretrial management. The Court now considers *Defendant's Motion to Dismiss* (Doc. 16), filed August 9, 2011. Based on the relevant filings and applicable law, Defendant's motion should be **GRANTED**.

**I.  BACKGROUND**

Plaintiff filed a *pro se* complaint on April 25, 2011, against her former employer, Defendant Prime Therapeutics, LLC, alleging harassment, discrimination, and retaliation, which eventually culminated in Plaintiff's termination on November 5, 2010. (Doc. 2 at 1-2). More specifically, the complaint alleges 1) age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("the ADEA"); 2) disability discrimination in violation of the Americans with Disabilities Act of 1990 ("the ADA"); and 3) unlawful retaliation pursuant to Section 704(a) of Title VII of the Civil Rights Act of 1964 and Section 4(d) of the ADEA. (*Id*. at 4).

Plaintiff asserts that after she was "harassed" and "picked on" by her supervisor Wanda Blanchett ("Blanchett") and call floor supervisor Krislenn Rossum ("Rossum"), Plaintiff made several complaints to Rossum, as well as the HR manager Nicole Mann, who set up a meeting

with the head of human resources, Kristin Rupprecht ("Rupprecht"). *Id*. at 1. Plaintiff contends that although Rupprecht stated that there would be an investigation and that she would again contact Plaintiff, Rupprecht did not subsequently contact Plaintiff about her complaints. *Id*. And, even after the initial meeting with Rupprecht, the harassment continued with Blanchett giving Plaintiff assignments only a few hours before they were due and talking to other supervisors about Plaintiff, causing them to walk by Plaintiff's desk and check up on her. *Id*.

Defendant argues in its motion to dismiss that Plaintiff failed to state a claim upon which relief could be granted. (Doc. 16 at 1). Defendant contends that 1) Plaintiff failed to plead facts in support of the elements required to establish discrimination or harassment under the ADEA or the ADA; 2) Plaintiff failed to plead facts in support of the elements required to establish retaliation under the ADEA and Title VII; and 3) Plaintiff failed to state a claim for harassment under the hostile work environment theory. (Doc. 16 at 2-5). Plaintiff did not file a response to Defendant's motion to dismiss, despite a Court order directing her to do so. (Doc. 18).

## II. MOTION TO DISMISS

### Legal Standard

Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted, due to the liberal pleading standard prescribed by Rule 8(a) of the Federal Rules of Civil Procedure. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). A 12(b)(6) motion to dismiss should not be granted unless it appears beyond doubt that a plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted).  The court must accept those well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Twombly*, 550 U.S. at 556 (citation omitted).  Furthermore, while a plaintiff's complaint does not need detailed factual allegations in order to show grounds for entitlement to relief and survive a 12(b)(6) motion to dismiss, the complaint must provide more than labels, conclusions, or a formulaic recitation of the elements of a cause of action.  *Id.* at 555.  The alleged facts must "raise a right to relief above the speculative level."  *Id.*

"[P]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Nonetheless, whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to overcome a motion to dismiss.  *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002).

**Plaintiff fails to state a claim for age discrimination under the ADEA.**

The ADEA provides that "it shall be unlawful for an employer. . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The United States Supreme Court has declared that claims of disparate treatment, where the employer treats some people less favorably than others because of some protected characteristic, may be made under the ADEA. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993). When a plaintiff alleges disparate treatment, "liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Id.* at 610.

Furthermore, to prove discrimination under the ADEA, the plaintiff can create a rebuttable presumption of discrimination by presenting a *prima facie* case. *Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 149 (5th Cir. 1995). A *prima facie* case is established by showing that: 1) Plaintiff was discharged; 2) she was qualified for the position; 3) she was within the protected class at the time of discharge; and 4) she was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of her age. *Id.*

Here, Plaintiff has failed to allege all elements of a *prima facie* case of age discrimination based on her termination of employment. In particular, Plaintiff has not pleaded any facts to establish that she was replaced by someone younger or outside the protected class, or that she was otherwise discharged because of her age. **(***See* Doc. 2 at 1, 4). The "Charge of Discrimination" document attached to her complaint merely states, "I believe I have been discriminated against because of my age, 49, in violation of the Age Discrimination in

Employment Act of 1967, as amended." Obviously, Plaintiff has failed to meet the minimum standard of pleading necessary to establish an age discrimination claim. *See Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 41 (5th Cir. 1996)(declaring that to establish a *prima facie* case of age discrimination under the ADEA, plaintiff need only to make a very minimal showing of evidence pertaining to the *prima facie* elements). Here, Plaintiff has not alleged any facts which demonstrate that she suffered disparate treatment because of her age at the hands of her former employer. *See Hazen,* 507 U.S. at 609.

Not only has Plaintiff failed to show age discrimination based on disparate treatment or her termination, she has failed to carry her initial burden of alleging facts adequate to create an inference that any employment decisions made by Defendant were based on her age. *See Int'l Broth.,* 431 U.S. at 358. Accordingly, Plaintiff's age discrimination and disparate treatment claims under the ADEA should be dismissed pursuant to Rule 12(b)(6).

**Plaintiff fails to state a claim for disability discrimination under the ADA.**

The ADA prohibits discrimination against a qualified individual with a disability, due to her disability, "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995).

A plaintiff is required to establish a *prima facie* case of disability discrimination by presenting evidence that: 1) she suffers from a disability; 2) she is qualified for the job; 3) she

was subject to an adverse employment action; and 4) she was replaced by a non-disabled person or was treated less favorably than non-disabled employees. *Id.* To be considered disabled under the ADA, an individual must have 1) a physical or mental impairment that substantially limits one or more major life activities; 2) have a record of such impairment; or 3) be regarded as having such an impairment. 42 U.S.C. § 12102(1)(A)-(C). Adverse employment actions include only ultimate employment decisions such as "hiring, granting leave, discharging, promoting, or compensating." *Hernandez v. Crawford Bldg. Material Co.,* 321 F.3d 528, 531 (5th Cir. 2003).

Plaintiff has failed to plead sufficient facts to establish a *prima facie* disability discrimination claim under the ADA. The sole reference to any disability is in the Charge of Discrimination attached to her complaint, which states, "I also believe I have been discriminated against because of my disability in violation of the [ADA]." (Doc. 2 at 4). Plaintiff has not provided details about her alleged disability or explained how Defendant discriminated against her based on that disability. She also has not alleged that she was replaced by a non-disabled individual or was otherwise treated less favorably than non-disabled employees. In short, she has failed to plead a *prima facie* case discrimination under the ADA that is plausible on its face, and which would allow the Court to draw the reasonable inference that Defendant is liable for disability discrimination. *See Iqbal*, 129 S.Ct. at 1949. Therefore, Plaintiff's claim of disability discrimination should also be dismissed, pursuant to Rule 12(b)(6).

**Plaintiff fails to state a claim for retaliation under Title VII and the ADEA.**

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any [employees]...because [the employee] has made a charge, testified, assisted, or participated in...an investigation, proceeding or hearing" regarding a Title VII

discrimination claim. 42 U.S.C. § 2000e-3(a). In addition, Section 4(d) of the ADEA protects employees from retaliation for opposing acts of age discrimination, or for charging, testifying, assisting, or participating in any manner in an investigation, proceeding, or litigation under the ADEA. 29 U.S.C. § 623(d). A plaintiff who can only present circumstantial evidence of discriminatory animus bears the initial burden of establishing a *prima facie* case for retaliation. *Baker v. American Airlines, Inc.,* 430 F.3d 750, 753 (5th Cir. 2005). To establish a *prima facie* retaliation case, a plaintiff must show that: 1) she engaged in protected conduct; 2) she thereafter was subjected to an adverse employment action; and 3) a causal link existed between the protected activity and the adverse action. *Id.* at 754.

Plaintiff has failed to establish a *prima facie* case for retaliation under both Title VII and the ADEA. Plaintiff has not alleged facts which establish that she was engaging in conduct protected under Title VII or the ADEA. Although Plaintiff asserts that she complained to the human resources department after being harassed and picked on by her supervisor, Plaintiff does not specifically assert that her actions were in opposition to age discrimination or any other form of discrimination. Furthermore, Plaintiff does not allege facts that would establish a causal link between the termination of her employment and the complaints she made to human resources about her supervisor. Consequently, Plaintiff's retaliation claim should also be dismissed pursuant to Rule 12(b)(6).

**Plaintiff fails to state a claim for harassment pursuant to federal employment discrimination laws.**

A harassment claim may be brought by proving a Title VII violation based on a "hostile work environment" theory. *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007)**.** To state a hostile work environment claim, a plaintiff must show 1) that she belongs to

7

protected group; 2) that she was subjected to unwelcome harassment; 3) that this harassment was based on the protected characteristic; 4) that the harassment affected a term, condition or privilege of her employment; and 5) that her employer knew or should have known of harassment and failed to take prompt remedial action. *Id.* at 399. A hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter conditions of the victim's employment and create an abusive working environment. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993). In order for harassment to be sufficiently severe or pervasive so as to alter conditions of a victim's employment, not only must the victim perceive the environment as hostile, but the conduct must be such that a reasonable person would also find it to be hostile or abusive. *E.E.O.C.*, 496 F.3d at 399.

Plaintiff has failed to allege facts to demonstrate that the "harassment" she suffered was sufficiently severe or pervasive enough to alter her employment and create an abusive working environment. Her allegations that her supervisor would give her assignments the day they were due and that the floor supervisor would walk by her desk and monitor her work, can hardly be considered severe. *Id.* The Court finds that a reasonable person would not find such actions to be hostile or abusive. *Id.*

Plaintiff has wholly failed to state facts establish that the "harassment" she alleges was based on a protected characteristic, and she has only made vague assertions that she is even a member of a protected class. *See, e.g., Lauderdale v. Texas Dept. of Criminal Justice, Institutional Div.*, 512 F.3d 157, 163 (5th Cir. 2007) (in order to survive motion for summary judgment, plaintiff needed to show sexual harassment by proving that she was female and that

8

harassment was based on sex); *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 125 (5th Cir. 2011) (in order to survive motion for summary judgment, plaintiff needed to show harassment because of race by proving that he belonged to particular race and that harassment was based on race).

Additionally, Plaintiff failed to assert a discriminatory basis for a harassment claim under Title VII. She also has failed to show how the harassment affected a term, condition, or privilege of her employment. Therefore, this Court finds that Plaintiff has failed to state a hostile work environment claim under Title VII.

"Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998). The rules of procedure instruct that the "court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, in determining whether to grant leave to amend, a court should consider "prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment." *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982). In this case, granting leave to amend would result in undue delay. Plaintiff did not file a response to Defendant's motion despite a Court order directing her to do so, and the order was mailed to Plaintiff on September 14, 2011, only to be returned some two weeks later as "undeliverable." (Doc. 18-19). As of the time of this recommendation, Plaintiff has not updated her address with the Clerk of the Court. (*See* Doc. 6) (granting Plaintiff *in forma pauperis* status and advising that, "[a]t all times during the pendency of this action, plaintiff is directed to notify the Court of any change of address and its effective date.").

### III. CONCLUSION

For the reasons set forth above, *Defendant's Motion to Dismiss* (Doc. 16), filed August 9, 2011, should be **GRANTED** and Plaintiff's complaint should be dismissed with prejudice.

**SO RECOMMENDED on** November 14, 2011.

```
_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a cop. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
```